IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DEBORAH S.[1],

    **Plaintiff,**

v.

    Civil Action 3:22-cv-144
    Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF**
**SOCIAL SECURITY,**

    **Defendant.**

## OPINION AND ORDER

Plaintiff, Deborah S., brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income. Plaintiff also applied for Medicare coverage as a Medicare-Qualified Government Employee (MQGE).  This matter is before the Court for disposition based upon Plaintiffs Statement of Errors (ECF No. 12), the Commissioners Memorandum in Opposition (ECF No. 13), and the administrative record (ECF No. 7).  Plaintiff did not file a Reply.  For the reasons that follow, the Court **OVERRULES** Plaintiffs Statement of Errors and **AFFIRMS** the Commissioners decision.

**I.  BACKGROUND**

Plaintiff protectively filed her current applications for benefits on March 23, 2020, alleging that she has been disabled since June 27, 2016, due to depression/mental health issues,

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

1

gastroparesis, liver damage, high blood pressure, and arthritis.[2] (R. at 214-59, 284.) Plaintiffs application was denied initially in July 2020 and upon reconsideration in October 2020. (R. at 82-123, 134-41.) Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). (R. at 143-44.) ALJ Gregory M. Beatty held a telephone hearing on March 4, 2021, at which Plaintiff, who was represented by counsel, appeared and testified. (R. at 36-57.) A vocational expert ("VE") also appeared and testified. (*Id.*) On March 17, 2021, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 12-35.) The Appeals Council denied Plaintiffs request for review and adopted the ALJs decision as the Commissioners final decision. (R. at 1-6.)

## II. RELEVANT RECORD EVIDENCE

### A. Relevant Reports to the Agency and Hearing Testimony

The ALJ summarized Plaintiffs relevant reports to the agency and hearing testimony as follows:

> In the function report, [Plaintiff] stated that she cannot sit or stand for extended periods of time because of pain in her back and leg, and has to go to the restroom frequently because of her gastroparesis (Exhibit B3E). She can only stand for approximately 15 minutes, walk for approximately 50 yards, or lift approximately ten pounds before needing to rest for five minutes (Id.). She also has difficulty climbing stairs, using her hands, and performing various postural movements (Id.). Despite these limitations, [Plaintiff] does not have any difficulty taking care of her personal needs and grooming (Id.). She is able to prepare simple meals for herself and take care of indoor household chores, although she does not do yard work (Id.). She does not need to use any assistive devices for ambulation (Id.).
>
> At the hearing, [Plaintiff] testified that she has difficulty sitting or standing for extended periods of time due to sciatica and arthritis in her elbows and hands, and that Dr. Sefton has recommended over-the-counter medications to treat these

---

[2] Plaintiff filed a previous application for benefits which was denied by ALJ Theodore Grippo in a decision dated June 29, 2016. (R. at 58-75.) The results of that decision are not at issue in this matter.

2

symptoms. She has not had physical therapy or undergone any additional procedures, including injections, since her 2016 kyphoplasty. [Plaintiff] vomits at least daily due to gastroparesis, typically in the morning, and this represents an improvement that began approximately a year ago. She also has intestinal problems, including pain, and difficulty using the restroom. She is on a special diet to try to control her gastroparesis.

(R. at 24-25.)

### B. Relevant Medical Records

The ALJ summarized the relevant medical records as follows:

[Plaintiff]s chronic GERD and gastroparesis are substantiated by medical evidence of record considered in the prior decision, which resulted in Judge Grippos finding that stomach and digestive problems were non-severe (see Exhibit B1A). GERD and gastroparesis also appear as entries in lists of [Plaintiff]s past medical history in records submitted pursuant to this decision (see, for example, Exhibit B1F at 7). In February 2016, Aakash D. Singh, M.D., reviewed CT scan results and noted an impression of moderate distal colon diverticulosis (Exhibit B1F at 16). On numerous occasions between at least March 2016 and November 2020, Dr. Jit diagnosed [Plaintiff] variously with clostridium difficile colitis, gastroparesis, GERD without esophagitis, periumbilic abdominal pain, irritable bowel syndrome, and/or diarrhea (see, for example, Exhibits B1F at 8, 14, B3F at 8, 12, 15, 22, B9F at 3). Dr. Bolden also assessed [Plaintiff] with clostridium difficile colitis in July 2016 (Exhibit B4F at 34). In September 2016, Mustafa N. Musleh, M.D., diagnosed [Plaintiff] with GERD, vomiting, and gastroparesis, and performed an esophagogastroduodenoscopy with a Botox injection to the pylorus (Exhibits B3F at 24, B10F at 9). Between at least November 2018 and December 2020, multiple treatment providers, including Dr. Bolden, Dr. Sefton, Ms. Kelly, and Ms. Holste noted diagnostic impressions of GERD and gastroparesis, an often noting the conditions as chronic (see, for example, Exhibits B4F at 6, 12, 17, B5F at 12, B12F at 13).

(R. at 24.)

### C. Relevant Medical Opinions

The ALJ discussed the relevant the medical source opinions as follows:

[The ALJ note[s] the analyses of Mehr Siddiqui, M.D., and Abraham Mikalov, M.D., given on behalf of DDD at the initial and reconsideration levels, respectively (Exhibits B3A at 4, B4A at 4, B7A at 4-5, B8A at 4-5). The reviewing physicians stated that they declined to adopt Judge Grippos prior

3

> physical residual functional capacity finding, concluding that new diagnoses required them to conduct a new analysis. As noted, however, [the ALJ] find[s] that there has not been new and material evidence submitted that documents a significant change in [Plaintiff]s physical condition despite finding new severe impairments. The mere fact that [Plaintiff] has additional severe impairments is insufficient to reject the prior residual functional capacity finding when the prior residual functional capacity finding is sufficient to fully accommodate the new impairments. As noted, because [the ALJ] could not find evidence of decreased physical capacity, [the ALJ is] required to adopt the prior residual functional capacity finding pursuant to *Drummond*.

(R. at 26-27.)

### III.     ADMINISTRATIVE DECISION

On March 17, 2021, the ALJ issued his decision. (R. at 12-35.) The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2019. (R. at 18.) At step one of the sequential evaluation process,[3] the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 27, 2016, the alleged onset date. (*Id.*) The

---

[3] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJs review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimants severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioners Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimants residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimants age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

ALJ found that Plaintiff has the severe impairments of liver disease, chronic gastroesophageal reflux disease, chronic gastroparesis, depressive disorder, anxiety. (*Id.*) The ALJ further found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 20.)

Before proceeding to Step Four, the ALJ set forth Plaintiffs residual functional capacity ("RFC") as follows:

> [Plaintiff] has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with the following exceptions: No production-rate pace work. No more than occasional interaction with supervisors, co-workers, and the general public. [Plaintiff] can tolerate few changes in an otherwise routine work setting.

(R. at 22-23.)

At step four of the sequential process, the ALJ determined that Plaintiff is unable to perform her past relevant work as an office manager or legal secretary. (R. at 22.) Relying on the VEs testimony, the ALJ concluded that Plaintiff can perform other jobs that exist in significant numbers in the national economy. (R. at 28-29.) He therefore concluded that Plaintiff has not been disabled since June 27, 2016. (*Id.*)

IV. **STANDARD OF REVIEW**

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioners decision if it is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Commr of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Commr of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by

substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Secy of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioners decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJs decision, this Court defers to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Commr of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJs decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices the claimant on the merits or deprives the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Commr of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

V. ANALYSIS

On appeal, Plaintiff asserts that the ALJ erred in formulating Plaintiffs RFC and in considering the vocational experts testimony. (ECF No. 12 at 3-5.) Specifically, Plaintiff argues that the ALJ incorrectly assessed an RFC that failed to include limitations for being off-task or absent from work due to Plaintiffs chronic gastroparesis, a condition which resulted in daily vomiting, pain and bowel issues. (*Id*. at 3.) Plaintiff also contends that the ALJ disregarded the

6

VEs testimony that being off-task more than ten (10) percent of the time or missing work more than one day a month would be work-preclusive.  (*Id*. at 4-5.)

The Commissioner argues that no medical source opined that Plaintiff would require time off work or off-task time.  (ECF No. 13 at 4.)  To the extent Plaintiff relies on her chronic gastroparesis diagnosis as the basis for such allowances, the Commissioner asserts that the mere diagnosis of an impairment does not indicate that impairments severity.  (*Id*.)  Further, the Commissioner contends that Plaintiff has not challenged the ALJs subjective symptoms analysis and therefore has waived any such argument.  (*Id*. at 5.)  At the same time, the Commissioner explains that Plaintiffs own statements will not establish disability and that, regardless, even taking at face value Plaintiffs complaints here, they do not support work preclusive restrictions.  The Commissioner claims that this also is so to the extent that Plaintiff points to notes in the record where Plaintiff complained of her symptoms to her doctors.  According to the Commissioner, for these reasons, the ALJs hypothetical question to the vocational expert properly excluded these limitations.

A claimants RFC is an assessment of "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1).  The ALJ is responsible for assessing a claimants RFC based on all of the relevant medical and other evidence. 20 C.F.R. §§ 404.1545(a)(1), 404.1546(c). *See Bingaman v. Commr of Soc. Sec.,* 186 F. Appx 642, 647 (6th Cir. 2006); *Ford v. Commr of Soc. Sec.*, 114 F. Appx 194, 198 (6th Cir. 2004).   ALJs are to "consider all of the evidence in an individuals record" and determine whether the individual is disabled by examining "all of the individuals symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and

other evidence in the individuals record." SSR 16-3p, 2016 WL 1119029, at *2 (superseding SSR 96-7p). "An administrative law judge is only required to include in the residual functional capacity those limitations he finds credible and supported by the record." *Lipanye v. Commr of Soc. Sec.*, 802 F. Appx 165, 170 (6th Cir. 2020) (citing *Casey v. Secy of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

The claimant is generally responsible for providing the evidence that the Commissioner will use to make an RFC finding. 20 C.F.R. § 404.1512(a)(1); 20 C.F.R. § 404.1545(a)(3) ("In general, you are responsible for providing the evidence we will use to make a finding about your residual functional capacity."). In addition, the claimant bears the burden of demonstrating an RFC more restrictive than that determined by the ALJ. *See Jordan v. Commr of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

ALJs also evaluate what the agency formerly termed the "credibility" of a plaintiffs statements about his or her symptoms. *See, e.g., Rogers*, 486 F.3d at 246-49. In March 2016, the agency eliminated its use of the term "credibility" and clarified "that subjective symptom evaluation is not an examination of an individuals character. . . ." SSR 16-3p, 2016 WL 1119029, at *1. To avoid such mistaken emphasis, this analysis is now characterized as the "consistency" of a claimants subjective description of symptoms with the record. *See Lipanye*, 802 F. Appx st 171 n.3 (citing *Dooley v. Commr of Soc. Sec.*, 656 F. Appx 113, 119 n.1 (6th Cir. 2016)).

As noted, Plaintiffs previous application for benefits had been denied by ALJ Theodore Grippo in a decision issued on June 29, 2016. (R. at 58-75.) Thus, ALJ Beatty had this to say about Plaintiffs RFC:

> Regarding the claimants residual functional capacity and past relevant work, the Administration cannot make a different finding in adjudicating a subsequent disability claim arising under the same title of the Social Security Act, unless new and material evidence or changed circumstances provide a basis for a different finding concerning a claimants residual functional capacity and/or past relevant work (Acquiescence Rulings 98-3(6), 98-4(6); *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990); *Drummond v. Commissioner*, 126 F.3d 837 (6th Cir. 1997)). In this case, the claimant has produced new and material evidence documenting a significant change in the claimants mental condition. Accordingly, Judge Grippos previous residual functional capacity finding is not binding to the extent that it did not address any mental impairments. Judge Grippos past relevant work determination is binding, and has been adopted.
>
> …
>
> To the extent that the claimants subjective complaints of pain and limitation are consistent with the record, I find that her physical residual functional abilities has not undergone a significant change since Judge Grippos prior decision, despite the addition of GERD and gastroparesis as severe impairments. I therefore adopt Judge Grippos physical residual functional capacity finding as required by *Drummond*, and have limited the claimant to performing medium exertional work. This limits the total amount of time the claimant can be required to stand and/or walk during the workday, and imposes a cap on the amount of weight she can be required to lift. Judge Grippo did not make residual mental functional capacity findings (see Exhibit B1A), and I therefore make the following findings without considering his prior decision. The claimants mental health-based work-related functional limitations are discussed above in analyzing the paragraph B criteria. Her concentration deficits underlie the restriction on production quotas and production-rate pace work, as her limited ability to stay focused on the task at hand could reasonably prevent her from effectively meeting set standards. The claimants social functioning deficits underlie the limitation on workplace interactions, as more significant required social contact could trigger her anxiety symptoms. The claimants adaptive deficits underlie the limits on workplace changes, as more frequent, unexplained changes could also trigger her anxiety symptoms.

(R. at 16, 25.)

As also noted above, Plaintiff has not raised any *Drummond* challenge. Instead, Plaintiff contends that the ALJ erred in formulating an RFC that did not include limitations for being off-task or absent from work due to chronic gastroparesis. Notably, Plaintiff has not cited to any medical opinion evidence indicating that her chronic gastroparesis would cause her to be off task

9

more than ten percent of the workday or absent more than one time per month. Moreover, Plaintiff has not pointed to any other medical evidence to support her position nor has she explained why her limitations are more severe than those assessed by the ALJ. The ALJ, however, reviewed the record and reasonably concluded that Plaintiffs subjective statements of her limitations were internally inconsistent and unsupported. (R. at 25-26.) For example, the ALJ pointed out that Plaintiffs "own allegations of severity do not necessarily imply an inability to engage in work." (R. at 26.) The ALJ noted Plaintiffs testimony that her daily episodes of vomiting "occur approximately once a day, and rather than occurring randomly and without notice, often take place in the morning." (*Id*.) The ALJ also cited counsels statements in the disability report appeal indicating that Plaintiff "does not view herself as having significant difficulty with her day-to-day life" and attributed these statements to Plaintiffs own self-assessments. (*Id*. citing R. at 314 "[Plaintiff] is able to take care of herself pretty well. [Plaintiff] doesnt need much help.") Elsewhere in his discussion, the ALJ addressed Plaintiffs function report indicating that despite her described limitations, Plaintiff "does not have any difficulty taking care of her personal needs" and "is able to prepare simple meals for herself and take care of indoor household chores." (R. at 24 citing R. at 299-302.) Given the state of the record, Plaintiff has not met her burden of demonstrating that the RFC assessed by the ALJ is not supported by substantial evidence.

  Plaintiff also argues that the ALJs "final" RFC is "devoid of any accounting of absences or off task behavior" that would result from the consequences of Plaintiffs chronic gastroparesis. (ECF No. 12 at 5.) In addition to testifying to Plaintiffs past relevant work and other jobs Plaintiff could perform in the economy, the VE responded to the ALJs question as to how much

time off task or how many absences a month an employer would tolerate. (R. at 56.)  In response, the VE testified that "a person can be off task, on average, no more than ten percent of the time to maintain employment" and "could incur an absence, ongoing, no more than once a month to sustain competitive employment." (*Id.*)

Plaintiff is correct that the VE testified that these limitations would be work-preclusive. (R. at 56.)  However, hypothetical limitations posed to the vocational expert do not bind the ALJ to include those limitations in the RFC. *Kessans v. Commr of Soc. Sec.*, 768 F. Appx 531, 536 (6th Cir. 2019) ("Indeed, the ALJ may pose a question involving a hypothetical individual with several limitations—and then later decide that those limitations differed from the claimants limitations. That does not mean that the vocational experts answer about the *hypothetical individual* binds the ALJ.") (internal citation omitted); *see also Beckham v. Commr of Soc. Sec.*, No. 1:19-CV-576, 2020 WL 5035451, at *9 (S.D. Ohio Aug. 26, 2020) (Litkovitz, M.J.) ("Simply posing a hypothetical question to the [vocational expert] does not result in a finding about a claimants RFC or bind the ALJ where the medical record does not support the inclusion of such limitations."). As noted above "[a]n administrative law judge is only required to include in the residual functional capacity those limitations he finds credible and supported by the record." *Lipanye*, 802 F. Appx at 170 (citing *Casey*, 987 F.2d 1230 at 1235).  As discussed, the ALJs RFC finding is supported by substantial evidence, and the ALJ was not obligated to accept VE testimony involving limitations inconsistent with the RFC finding.  Accordingly, Plaintiff has failed to demonstrate the ALJ erred.

At bottom, Plaintiff has failed to demonstrate that the ALJ erred by failing to include restrictions in the RFC for being off task or absent from work.  As Plaintiff herself recognizes,

the ALJ thoroughly evaluated the medical evidence related to Plaintiffs chronic gastroparesis. (ECF No. 12 at 3.)  Beyond this, the ALJ explained his reasons for the related functional limitations.  For her part, Plaintiff has failed to show that the evidence before the ALJ required the inclusion of any greater limitations.  Likewise, the Plaintiff has not shown that the ALJ erred when he chose not to rely on VE testimony that was not reflective of Plaintiffs limitations from her chronic gastroparesis.  Accordingly, Plaintiff has not met her burden of proof to show that the ALJs RFC finding is not supported by substantial evidence and her statements of error are overruled.

## VI. CONCLUSION

In sum, from a review of the record as a whole, the Court concludes that substantial evidence supports the ALJs decision denying benefits. Based on the foregoing, Plaintiffs Statement of Errors (ECF No. 12) is **OVERRULED** and the Commissioners decision is **AFFIRMED**. The Clerk is **DIRECTED** to enter judgment in favor of Defendant.

IT IS SO ORDERED.

Date:   <u>May 2, 2023</u>                                   <u>/s/ *Elizabeth A. Preston Deavers*</u>
                                                             **ELIZABETH A. PRESTON DEAVERS**
                                                             **UNITED STATES MAGISTRATE JUDGE**